PER CURIAM.
Appellant appeals an order denying his request for a transfer from the Florida State Hospital to his brother’s custody in Maryland. We affirm.
In 1980 appellant was charged with second degree murder. The trial court adjudicated him not guilty by reason of insanity and ordered his involuntary commitment to the Department of Health and Rehabilitative Services. The order specified that the court would retain jurisdiction consistent with section 916.16, Florida Statutes (1981).
In 1983 the trial court agreed with a hospital staff recommendation that appellant be transferred to a civil unit at the hospital. Appellant now contends that the trial court thereby relinquished its jurisdic *583 tion over appellant and could not prohibit appellant’s transfer to his brother’s custody-
We disagree. Section 916.15 allows a court to hospitalize a person found not guilty by reason of insanity. Section 916.-16 states “No such person may be released except by order of the committing court.” In this case, despite the order allowing appellant’s transfer to a civil unit, the trial court never ordered appellant released from hospitalization. Accordingly, the trial court still had jurisdiction to prohibit the transfer of appellant to his brother’s custody.
AFFIRMED.
RYDER, C.J., and CAMPBELL and LE-HAN, JJ., concur.